UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER AND JOYCE SMITH                CIVIL ACTION

VERSUS                                 NO: 09-1834

FIDELITY NATIONAL PROPERTY            SECTION: "S" (1)
AND CASUALTY INSURANCE
COMPANY

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that "Fidelity National Property and Casualty Insurance Company's Motion for Summary Judgment" is **GRANTED**. (Document #15.)

## I. BACKGROUND

As a result of Hurricane Katrina, the property of Walter and Joyce Smith at 4433 Venus Street, New Orleans, Louisiana, was damaged by flood. At the time of the loss, the property was insured under a Standard Flood Insurance Policy (SFIP) issued by Fidelity National Property and Casualty Insurance Company (Fidelity) pursuant to the Write-Your-Own program of the National Flood Insurance Program. The coverage limits under the flood policy are $250,000 for the dwelling and $100,000 for contents, with a $500 deductible.

The Smiths notified Fidelity of their claim for flood damage, and Fidelity began the process of adjusting the claim. After an independent adjuster inspected the property and

estimated the damage, Fidelity paid the Smiths $9,548.03 for damage to the dwelling. The Smiths submitted invoices for additional benefits, and Fidelity denied the claims because they were not covered damages under the flood policy.

On August 29, 2007, the Smiths filed suit against Fidelity for failing to pay for all the damage sustained. Fidelity filed a motion for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B. Proof of loss

Fidelity contends that the Smiths are divested of the right to bring this lawsuit because they have not complied with the "proof of loss" and documentation requirements of the SFIP. Fidelity argues that, because the Smiths are not in agreement with the amount paid on the claim, they were required to file a timely proof of loss and obtain a determination from the insurer prior to filing suit. The Smiths argue that there is a genuine issue of material fact whether FEMA will waive the proof-of-loss requirement.

Generally, SFIP policies require an insured asserting a claim to file a proof of loss within 60 days, stating the amount claimed under the policy. SFIP, ¶ VII(J)(4). "The regulations state that no provision of a SFIP can be waived without the express written consent of the Federal Insurance Administrator." Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053, 1055 (5th Cir. 2008) (citing 44 C.F.R. §61, app. A(2), art VII(D)). Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, the Federal Emergency Management Agency (FEMA) waived the requirement to file a proof of loss prior to receiving insurance proceeds. Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report. Id. If the insured disagreed with the adjuster's report, a proof of loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. . . . The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim."

Id. Under 44 C.F.R. Pt. 61, App. A, Art. VII(J)(4),[1] the proof of loss must state the amount of

---

[1] 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) provides:
Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
a. The date and time of loss;
b. A brief explanation of how the loss happened;
c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
d. Details of any other insurance that may cover the loss;
e. Changes in title or occupancy of the covered property during the term of the policy;
f. Specifications of damaged buildings and detailed repair estimates;

3

loss, furnish certain information about the loss, and be signed and sworn to by the insured. "[A]n insured cannot file a lawsuit seeking further federal benefits under the policy unless the insured can show prior compliance with all policy requirements." Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d at 1055.

Courts have strictly enforced the requirement to file a timely proof of loss, holding that failure to timely file a proof of loss in compliance with regulatory requirements is a valid basis for denying a claim. See Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005). "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Id. at 388. Provisions of the SFIP must be strictly construed and enforced. See Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998).

The Smiths had one year from the date of the loss, August 29, 2005, to submit a sworn proof of loss as required by the SFIP and the FEMA extension. The Smiths have not filed a proof of loss or received a written denial of his claim; therefore, they may not file a lawsuit against Fidelity.[2]

## C. Due Process and Equal Protection claims

The Smiths contend that, if the proof-of-loss requirement has not been waived, their

---

g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
h. Details about who occupied any insured building at the time of the loss and for what purpose; and
i. The inventory of damaged personal property described in J.3. above.

[2] Because the "proof of loss" issue is dispositive, the court need not address the additional grounds for summary judgment.

4

constitutional rights to due process and equal protection have been violated. The Smiths argue that, until they receive final word from FEMA, they cannot know whether their rights have been violated.

The Smiths did not allege violations of their constitutional rights in their amended complaint. Notwithstanding, in <u>Wientjes v. American Bankers Ins. Co. of Florida</u>, 339 Fed. Appx 483, 2009 WL 2391407 (5th Cir. 2009) (unpublished), the Court of Appeals stated that there is no legal authority to support the proposition that the one-year time limitation for filing a proof of loss violates the constitutional rights of the insured. Accordingly, the proof-of-loss requirement applies to the Smiths's claim, and that requirement was not met.

### III. CONCLUSION

The Smiths have not filed a proof of loss or received a written denial of their claim; therefore, they may not file a lawsuit against Fidelity. There are no disputed issues of material fact, and Fidelity is entitled to judgment as a matter of law.

New Orleans, Louisiana, this __10th__ day of February, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**